UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACK BRUCE KARCH,

        Plaintiff,

v.                                                       Case No.   16-C-405

UNITED STATES POSTAL SERVICE,

        Defendant.

## DECISION AND ORDER DISMISSING CASE

On April 1, 2016, Defendant United States Postal Service (USPS) removed this case from Manitowoc County Circuit Court. Plaintiff alleged in his small claims complaint that Defendant failed to complete the insurance contract made between the parties. Plaintiff alleges that he purchased insurance from USPS for a package containing a purse and watches valued at $879.90. According to the complaint, USPS lost the package but refused to cover the value of the lost items because Plaintiff could not provide sufficient proof of value for the items. The complaint also explains that Plaintiff appealed the decision through an internal USPS administrative process, but that the Consumer Advocate likewise found that acceptable evidence of value was not submitted. This case is presently before the Court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. This Court has original jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1442 and 1446 and 39 U.S.C. § 409. For the reasons stated below, Defendant's motion will be granted.

"[C]ase law firmly establishes that APA-based claims can, if appropriate, be summarily dismissed." *Kane Cty. Utah v. Salazar*, 562 F.3d 1077, 1086 (10th Cir. 2009). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint rather than any evidence that might support the claims. In ruling on a Rule 12(b)(6) motion, a court takes the facts from the complaint, accepts them as true, and draws reasonable inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012). "'[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (quoting *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998)).

"The Postal Service has waived sovereign immunity for contract claims." *Barton v. U.S. Postal Serv.*, 615 F. Supp. 2d 790, 794 (N.D. Ind. 2009) (citing 39 U.S.C. § 401(1)). But "traditional contract doctrine does not apply to postal insurance because the 'postal insurance regulations are promulgated pursuant to statutory authority, and therefore have the force and effect of law.'" *Jamil v. U.S. Postal Serv.*, 2006 WL 988825, at *2 (N.D. Cal. Apr. 14, 2006) (quoting *Ridgway Hatcheries, Inc. v. United States*, 13 Ohio Misc. 253, 278 F. Supp. 441, 443 (N.D. Oh. 1968)). Court review of an administrative denial by the USPS of an insurance claim is governed by the Administrative Procedures Act, "which provides that a reviewing court may not overturn a Postal Service action unless it was arbitrary and capricious." *Barton*, 615 F. Supp. 2d at 794 (citing 5 U.S.C. § 706(2)). "Under the arbitrary-and-capricious standard of review, an agency's decision must be upheld unless it 'has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed

2

to a difference in view or the product of agency expertise.'" *United States v. P.H. Glatfelter Co.*, 768 F.3d 662, 670 (7th Cir. 2014), *reh'g denied* (Nov. 19, 2014) (quoting *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 658, 127 S.Ct. 2518, 168 L.Ed.2d 467 (2007)).

As an initial matter, Defendant only develops its insurance defenses to Plaintiff's claim in its reply brief. "It is well-settled that new arguments cannot be made for the first time in reply." *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989). The policy behind such a rule is simple, "[r]eply briefs are for replying, not for raising new arguments or arguments that could have been advanced in the opening brief." *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 536 (N.D. Ill. 2008). This rule also serves to "prevent the nonmoving party from being sandbagged." *Reis v. Robbins*, 2015 WL 846526, at *2 (S.D. Ind. Feb. 26, 2015). Defendant's arguments in its reply brief were not an attempt to raise a new argument or sandbag Plaintiff, however. Instead, Defendant's failure to develop its insurance defense in the opening brief was a result of the pro se plaintiff's failure to clearly articulate what claim was actually being made in the complaint.[1] As such, I understand Defendant's statement of its contract defenses as a reply to novel arguments made in Plaintiff's response brief, which is undeniably allowed under the federal rules. *Del Monte Fresh Produce, N.A., Inc. v. Chiquita Brands Int'l Inc.*, 616 F. Supp. 2d 805, 829 (N.D.

---

[1]The relevant portion of the complaint states: "**The USPS has failed to complete the contract we had with them to deliver the package.**" Compl. 6, ECF No. 1-1 (emphasis in original). This language indicated that Plaintiff's claim was based on USPS's failure to deliver the package, not USPS's failure to pay the insurance amount. Such claims are barred by sovereign immunity. *Barton*, 615 F. Supp. 2d at 794 ("[T]he Federal Tort Claims Act specifically retains sovereign immunity for tort claims against the United States for 'loss, miscarriage, or negligent transmission' of the mails or postal matter.") (quoting 28 U.S.C. § 2680(b)). Plaintiff clarified in his response brief that the cause of action relied on the failure to pay the insurance claim and Defendant responded at his earliest opportunity—his reply brief.

3

Ill. 2009) ("When a non-movant raises new arguments in response to a motion, courts have allowed the movant to respond in the reply brief.").

Accepting the facts in the complaint as true and drawing all reasonable inferences in favor of the defendant, I conclude that this case should be dismissed because USPS's decision was not arbitrary and capricious. Plaintiff's sole complaint with the USPS's process is that Defendant failed to accept Plaintiff's evidence to prove the value of the lost items. Plaintiff proffered the following evidence in support of his claimed amount: a written statement of value, a photograph of the lost items, and printouts from the manufacturers' websites showing the current sales prices of the goods. Compl. 3–4, ECF No. 1-1; Attachs. 16–20, ECF No. 1-1. In response, USPS told Plaintiff that he had not supported his claim by acceptable proof of value. Attachs. 15, 21, ECF No. 1-1.

Unlike all of the examples of sufficient and acceptable proof of value listed in USPS's Domestic Mail Manual, none of Plaintiff's proffered evidence provided documentary evidence from a third party that the Plaintiff purchased the lost items for a specified price on a certain date. *See* Domestic Mail Manual § 3.2 (available at http://pe.usps.com/text/dmm300/609.htm). Without third-party affirmation of the value of the items, Plaintiff was essentially requesting that USPS accept Plaintiff's word that the goods were worth the amount he requested. As Plaintiff explained in a letter to the USPS Consumer Advocate, Plaintiff purchased the items for cash in New York, so he had no credit card statements or internet transaction documents to validate the purchase. Attachs. 22, ECF No. 1-1. USPS's refusal to accept Plaintiff's offer of proof was in accord with standard practices of insurance law and was not arbitrary or capricious. *See* 12 Steven Plitt *et al.*, Couch on Insurance § 175.92 (3d ed.) ("In accord with general principles governing the law of damages, there can be no recovery for items where their existence and value are not proved."). While reasonable

4

people could disagree with the need for such evidence under the circumstances of this case, I am unable to say that the USPS's application of its rule here is arbitrary and capricious.

## ORDER

**THEREFORE IT IS ORDERED** that Defendant's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

**NOTICE**: The judgment to be entered pursuant to this order is final. A dissatisfied party may appeal this Court's judgment to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* FEDERAL RULE OF APPELLATE PROCEDURE 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* FEDERAL RULE OF CIVIL PROCEDURE 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* FEDERAL RULE OF CIVIL PROCEDURE 6(b)(2).

Dated this   7th   day of July, 2016.

                                         s/ William C. Griesbach
                                         William C. Griesbach, Chief Judge
                                         United States District Court